IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   10-cv-00589-WDM-MEH

ED R. HERBOLD and
CHARLES S. KALBACK,

     Plaintiffs,

v.

ACCESS DISTRIBUTION, INC., a California corporation,

     Defendant.

## ORDER

Miller, J.

     THIS comes before the Court on Plaintiffs' Motion for Entry of Default Judgment pursuant to FED.R.CIV.P. 55(b)(2) (ECF No.  29).  I have reviewed Plaintiffs' Motion, including the Affidavits of Ed Herbold, Charles Kalback, Shay Williams, and attorneys J. Mark Smith and Peter Bornstein, and all revisions and attachments thereto.  I have also reviewed the record.  Being fully advised, I will grant the motion based on the following findings and conclusions:

     1.     I find that Plaintiffs, Herbold and Kalback, are the creators of their respective images, Exhibit A and B, attached hereto, and that they have registered their images with the United States Copyright Office and obtained the certificates attached to the amended complaint; and

     2.     Defendant entered into contracts with the Plaintiffs allowing for Defendant's use of Plaintiffs' images for purposes of limited and specific advertising of

Capix equipment; and

3. Defendant, without authority beyond the limited authorized uses, made multiple uses of Plaintiffs' images and thereby breached the contracts, the copyright licenses and thereby infringed the Plaintiffs' copyrights; and

4. Defendant, pursuant to the contract with Plaintiff Herbold, agreed and was bound to pay three times the normal license fee for any unauthorized use of the images, as well as attorney's fees and interest if it breached the agreements; and

5. Plaintiffs have established a custom in the trade of charging three times the normal license fee for any unauthorized use of such images as a deterrent to such practice and therefore Plaintiff Kalback is entitled to a similar fee for the unauthorized use of his images; and

6. Defendant is not an infant, incompetent, officer or agent of the United States, State of Colorado, or in the military service pursuant to paragraph 2 of the affidavit of J. Mark Smith, Exhibit 1 to the Plaintiffs' Motion for Entry of Default Judgment (ECF No. 29); and

7. Plaintiff Herbold is entitled to damages for breach of contract, or in the alternative copyright infringement, for use of the Herbold images totaling $22,305 and

8. Plaintiff Kalback is entitled to damages for breach of contract, or in the alternative copyright infringement, for use of the Kalback image totaling $24,000; and

9. Plaintiff Herbold is entitled to his reasonable and necessary attorneys' fees

        of $11,948.25; and

10.    Plaintiffs are entitled to their costs which total $1,515.55, and

11.    Plaintiffs are entitled to post-judgment interest in accordance with 28 U.S.C. § 1961; and

12.    Defendant is enjoined from any display, distribution or copying of the Herbold image or Kalback image, Exhibit A and B attached hereto, from the date Defendant is served with a copy of this order forward, and provide a complete list of every copy, display or distribution of the Plaintiffs' images in any form up to the date of this order. The list of any such uses shall be provided to Plaintiffs' counsel no later than 10 days after Defendant is served with a copy of this order and judgment. The list shall include the dates or time span of use, the form or media used, the documents evidencing said uses including the cost of any media or placement of the images, and any agreements or reimbursements with Capix or its owner, InterSport; and

13.    Judgment shall enter in favor of Plaintiffs and against Access Distribution, Inc., in the sum of $59,768.80, plus post-judgment interest as provided by 28 U.S.C. § 1961.

DATED at Denver, Colorado, on November 22, 2010.

                                                    BY THE COURT:

                                                    s/ Walker D. Miller
                                                    United States Senior District Judge