IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00589-PAB-MEH

ED R. HERBOLD, and
CHARLES S. KALBACK,

    Plaintiffs,

v.

ACCESS DISTRIBUTION, INC.,

    Defendant.

**ORDER ON DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS**

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion to Compel Discovery Responses Pursuant to Fed. R. Civ. P. 69(a)(2) and 37(a)(3)(B) and for Sanctions Per 37(d) [filed September 9, 2011; docket #39]. The matter is referred to this Court for resolution. (Docket #41.) For the reasons that follow, the Court **grants in part and denies in part** Plaintiffs' motion.

**I.    Background**

The Motion arises from a default judgment entered against Defendant on November 29, 2010. (Docket #36.) On June 8, 2011, pursuant to Fed. R. Civ. P. 69, Plaintiffs served Defendant with interrogatories and requests for production of documents via U.S. and certified mail. Defendant signed for and accepted the certified mail on June 14, 2011. Defendant's responses were due to be submitted on or before July 11, 2011; however, as of September 19, 2011, Defendant had failed to answer the interrogatories or produce the requested documents. Plaintiffs filed the present Motion on September 19, 2011 seeking an order compelling production by the Defendant in response to

Plaintiffs' discovery requests. Defendant has filed no response to the Motion.[1]

## II.    Discussion

Fed. R. Civ. P. 69(a)(2) provides that a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located." Thus, the question before the Court is whether the discovery Plaintiffs seek under Rule 69(a)(2), namely the production of documents and responses to interrogatories, is within the scope of Rules 26, 33 and 34.

### A.    Interrogatories

Plaintiffs propounded 41 interrogatories, many of which contain several subparts. On its face, the number of interrogatories exceeds the scope of Rule 33. Fed. R. Civ. P. 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve *no more than 25 written interrogatories*, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." (emphasis added). Plaintiffs have provided no evidence of a stipulation permitting them to exceed the number of interrogatories authorized by Rule 33, nor have they explicitly moved for leave to do so.

While the number of interrogatories is problematic, the substance is of the interrogatories is valid. The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

---

[1]The Court notes that the motion to compel contains a certificate of service indicating it was properly served upon Defendant in accordance with Fed. R. Civ. P. 5 and the accompanying local rules. The record indicates that Defendant is not represented by counsel at this time.

2

Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

Here, the propounded interrogatories seek information related to Defendant's corporate status, corporate relationships, and financial assets. Such information is unquestionably relevant to Defendant's ability to satisfy the judgment against it, and appears reasonably calculated to lead to the discovery of evidence admissible at trial, as required by Rule 26(b)(1). In short, the Court must resolve the tension arising from the Plaintiffs' legitimate but excessive request.

Absent a showing of good cause, the Court will not compel responses to all 41 interrogatories at this time. However, the Court will permit Plaintiffs to re-serve Defendant with any 25 of the 41 interrogatories initially propounded, and will compel responses to those interrogatories within 21 days after they are served. If Plaintiffs wish to serve any additional interrogatories, they must seek leave from the Court before doing so.

      B.    <u>Request for Production of Documents</u>

Plaintiffs make three requests for production of documents. Plaintiffs' first request seeks documents referred to and described in the interrogatories. Because Plaintiffs' interrogatories seek relevant information, any documents in support of Defendant's responses would also appear to fall within the scope of Rule 26(b)(2). However, because Plaintiffs are not entitled to responses for each of the 41 interrogatories at this time, the Court limits its order to compel production under Request 1 based on the interrogatories Plaintiffs choose to re-serve.

Request 2 appears broad in that it seeks contracts, agreements, and audit reports from a potentially large number of transactions over the course of the last two years. However, Defendant has not shown that the production of such documents would be unduly burdensome, nor has

Defendant offered any objection to the request. In light of Defendant's silence, the Court finds that Request 2 is authorized by Rules 26(b)(2) and 34, and compels production accordingly.

Request 3is narrowly tailored to seek highly relevant documents related to Defendant's infringing use of Plaintiffs' copyrighted material. Thus, the Court compels production of all documents listed in Request 3.

### C. Sanctions

In the event a motion to compel responses to discovery is granted in part and denied in part, Rule 37(a)(5)(C) permits, but does not require, the Court to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Within this discretion, the Court finds that an award of fees is not appropriate at this time.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Compel Discovery Responses Pursuant to Fed. R. Civ. P. 69(a)(2) and 37 (a)(3)(B) and for Sanctions Per 37(d) [filed September 9, 2011; docket #39] is **granted in part and denied in part** as specified herein.

Dated at Denver, Colorado, this 24th day of October, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4